**John R. Roberts**, OSB #124354
john@robertslaweugene.com
Roberts Law LLC
375 W 4th Avenue, Suite 204
Eugene, OR 97401
541-780-0418 Telephone
*Of Attorneys for Plaintiff and Receiver*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HALINA MYERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LANE COUNTY, a political subdivision of the State of Oregon,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>(42 U.S.C. § 1983 – Due Process; Taking – U.S. Const. Amend. V & Or. Const. Art. I, s. 18; Fair Housing Act, 42 U.S.C. § 3601 *et seq*.; Title II – ADA, 42 U.S.C. § 12131)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Halina Myers ("Plaintiff") alleges as follows against Defendant Lane County ("Defendant" or the "County"):

**INTRODUCTION**

1.      This civil rights and housing discrimination action began with Lane County's unlawful refusal to process and approve Plaintiff's building permit for alteration of her lawfully established adult foster home.

2.      The County has variously insisted that Plaintiff must execute a proposed Covenant Not to Sue (the "Covenant"), that Plaintiff's use of an existing single family home as an adult foster home requires a Type II land use decision, and that any modifications to the

1 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

existing single family home must comply with commercial building code requirements not applied to any other single family home. When Plaintiff opposed these requirements as unlawful, the County placed her permit on "land use hold," threatened outright denial, and "red-flagged" Plaintiff in its land management system to block current and future permits.

3.    The County's actions have deprived Plaintiff of her vested rights in a lawfully established dwelling, placed the adults she is fostering at risk of homelessness, interfered with her ability to provide residential care to disabled adults in a homelike environment, and discriminated against Plaintiff's disabled residents by imposing more burdensome and restrictive requirements than those imposed on nondisabled families living in single-family dwellings in the same zone.

4.    Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages where available, and reasonable attorney fees and costs.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.

6.    This Court has supplemental jurisdiction over Plaintiff's related state-law claims, including claims under the Oregon Constitution, pursuant to 28 U.S.C. § 1367, because those claims arise from the same case or controversy as Plaintiff's federal claims.

7.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is located in this District and all or a substantial part of the events or omissions giving rise to

2 – COMPLAINT

**ROBERTS LAW**
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

Plaintiff's claims occurred in Lane County, Oregon, which lies within the Eugene Division of the District of Oregon.

## PARTIES

8.    Plaintiff Halina Myers is a natural person and resident of Lane County, Oregon. She is the owner of 93732 Deadwood Creek Road, Deadwood, OR 97430 (the "Property").

9.    Plaintiff operates a state-licensed adult foster home at the Property, in which residential care is provided in a home environment for adults with disabilities, as defined in ORS 443.705 and applicable federal law, with five or fewer residents who are not related to the provider (the "Adult Foster Home" or "AFH").

10.    Each of the AFH residents is an individual with a disability/handicap within the meaning of the FHA, 42 U.S.C. § 3602(h), and the ADA, 42 U.S.C. § 12102(1), and is therefore a member of a protected class.

11.    Defendant Lane County is a political subdivision of the State of Oregon, organized and existing under the laws of the State of Oregon. Lane County has the capacity to sue and be sued and is responsible for administering and enforcing building, land use, and zoning codes and for providing developmental disabilities services and licensing adult foster homes within its jurisdiction.

12.    At all relevant times, the County acted by and through its officials, employees, and agents, including but not limited to the Office of Legal Counsel, the Planning Division, the Building Department, and Developmental Disabilities Services, who were acting within the scope of their official duties and under color of state law.

///

///

3 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

## FACTUAL ALLEGATIONS

A. The Property and Lawfully Established Dwelling

13.     Plaintiff purchased the Property in or about February 2014. At all relevant times, the Property has been zoned F-2 (forest land) under Lane County's zoning code and contained an existing dwelling at the time of purchase.

14.     Prior to Plaintiff's purchase, Lane County issued a final land use decision in 1998, identified as PA 98-5026, determining that the dwelling on the Property was a "lawfully established dwelling with rights for alteration, repair and replacement."

15.     Following the 1998 land use decision, the County approved a 1999 building permit to replace the existing manufactured dwelling on the Property consistent with that determination.

16.     Since acquiring the Property, Plaintiff has undertaken various remodeling projects and obtained building permits from Lane County in or about 2016 and 2020 without any objection from the County regarding the lawful status of the dwelling, its use as a single-family residence, or the operation of an adult foster home.

17.     In or around 2023, after approximately 13 years of operating an adult foster care home in Corvallis, Oregon, Plaintiff transitioned her adult foster home operation to the Property and began living there with four disabled adults in need of foster care, in a residential setting.

B. The August 15, 2024 Building Permit Application

18.     On or about August 15, 2024, Plaintiff submitted an application to Lane County for a building permit (the "Permit Application" or "Permit") to construct an addition to her lawfully existing single-family dwelling on the F-2 zoned Property.

4 – COMPLAINT

**ROBERTS LAW**
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

19.     The Permit Application was based on and supported by the 1998 final land use decision (PA 98-5026), which confirmed that the dwelling was a lawfully established dwelling with rights for alteration, repair, and replacement.

20.     Under Oregon law and the Lane Code, a building permit for permitted uses such as alteration, restoration, or replacement on the same site of a lawfully established single-family dwelling requires Type I ministerial review, applying clear and objective standards without discretionary land use review.

21.     Plaintiff's Permit Application met all applicable clear and objective standards for approval of the proposed alteration to the existing dwelling.

C. The County's Demand for a Real Property Covenant/Covenant Not to Sue

22.     As a condition of approving the Permit, Lane County asserted that Plaintiff was required to execute and record, in the Lane County Deed Records, a document entitled "Real Property Covenant/Covenant Not to Sue" (the "Covenant").

23.     The County did not identify any other clear and objective criteria for refusing to approve or process the Permit Application.

24.     The proposed Covenant, among other things, purports to waive or severely limit Plaintiff's legal rights to challenge or seek relief concerning alleged injuries from farming or forest practices, and places a new burden and cloud on the title to the Property that did not exist at the time Plaintiff purchased the Property in 2014.

25.     The County has cited ORS 215.293 as purported authority to require the Covenant. ORS 215.293 provides that a county "shall require" an owner to sign such a document "as a condition of approval of a single-family dwelling" in certain resource zones.

5 – COMPLAINT

ROBERTS LAW
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

26.    The plain language of ORS 215.293 applies to "approval of a single-family dwelling," not to alterations, restorations, or replacements of an already lawfully established dwelling with vested rights recognized in a prior land use decision.

27.    The dwelling at issue on the Property had already been approved and recognized as a lawfully established single-family dwelling with rights for alteration, repair, and replacement in the 1998 final land use decision, and the County had repeatedly acted consistent with that recognition in issuing prior permits.

28.    Despite this, the County has taken the position that ORS 215.293 authorizes it to expand the Covenant requirement to include any subsequent permitted alterations, restorations, or replacements of an already approved dwelling, and to retroactively burden Plaintiff's title as a condition of processing a building permit.

29.    Plaintiff declined to sign the Covenant, believing it to be unlawful, beyond the County's authority, and a violation of her constitutional rights.

D. Land Use Hold, Red-Flagging, and Denial of Due Process

30.    After Plaintiff refused to sign the Covenant, the County placed the Permit on "land use hold," and informed Plaintiff that the Permit would not be approved unless she executed and recorded the Covenant.

31.    The County also informed Plaintiff that if she continued to refuse to sign the Covenant, her Permit for alteration of her lawfully existing single-family dwelling would be denied.

32.    In addition, the County informed Plaintiff that she was being "red-flagged" in the County's land management database to ensure she could not submit or receive approval for any future permits for the Property unless and until she signed and recorded the Covenant.

6 – COMPLAINT

**ROBERTS LAW**

P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

33.     Since 1998, Plaintiff and her predecessors in interest had obtained building permits for the Property without being required to execute or record any such Covenant as a condition of approval, and the Covenant was not listed as a condition of the 1998 final land use decision.

34.     When Plaintiff questioned the County's discretionary treatment of what should have been a ministerial building permit application, and requested due process, the County declined to offer a hearing under the applicable Type I process and instead directed Plaintiff to resubmit the Permit as a Type II application if she wanted any form of hearing or review.

35.     The County further informed Plaintiff that her Permit would remain on "land use hold" pending the outcome of a yet-to-be-filed Type II application, effectively conditioning any right to a hearing on Plaintiff's agreement to a more burdensome and discretionary land use process not required by applicable law for a permitted alteration of an existing lawfully established single-family dwelling.

36.     Filing a Type II application is a significantly more burdensome process which imposes additional costs, delays, and uncertainties to the outcome of the application process. On information and belief, Lane County does not require a Type II application for any other building permits sought by owners of single-family homes.

37.     The County has also asserted that the Covenant was contemplated in 1998 because an application form at that time referenced a Forest Management Agreement as a condition of approval, even though no such Covenant was expressly imposed in the 1998 final land use decision, and nearly three decades have passed since that decision.

///

///

7 – COMPLAINT

**ROBERTS LAW**
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

E. County Attacks on the Adult Foster Home Use

38.     While the merits of the Covenant requirement were being discussed, the County's planning office alleged it became aware that Plaintiff operated an adult foster home with five or fewer residents at the Property.

39.     Upon allegedly learning of the AFH, the County adopted the position that Plaintiff was violating building code and land use regulations by operating an AFH on F-2 zoned property.

40.     The County demanded that Plaintiff resubmit the pending Permit as a "commercial" building permit, apply for a certificate of occupancy for her existing single-family dwelling, and comply with commercial building code requirements, based on an alleged "change in use" from residential to some form of institutional or commercial use.

41.     The County also claimed that operation of an AFH is a prohibited use on F-2 zoned property.

42.     Plaintiff advised the County that an AFH of five or fewer residents is, under applicable law, a residential use that must be allowed in any zone that allows residential use, and that state and federal law prohibit local jurisdictions from discriminating against persons with disabilities in the use and occupancy of a single-family dwelling.

43.     Despite this, the County persisted in its position that AFHs are prohibited on F-2 zoned property without an approved "change of use" and that Plaintiff must comply with more burdensome and restrictive requirements than those imposed on similar single-family dwellings occupied by nondisabled households.

44.     For over 18 months, the County asserted that the "change of use" process was a discretionary Type II application. On March 30, 2026, the County "conceded" that it would

8 – COMPLAINT

apply a ministerial Type I application process if Plaintiff requested a reasonable accommodation under the FHA and/or ADA. The County did not identify what the clear and objective criteria would apply to the application, nor any source of law which would require any form of land use application when operating an adult foster home in an existing single-family home.

### F. Misplaced "Reasonable Accommodation" Process and Discriminatory Standards

45.    The County further informed Plaintiff that, because of her disabled residents, she was required to submit a written "reasonable accommodation" request under the ADA and/or FHA in order to obtain land use approval for the AFH use on F-2 zoned property.

46.    A "reasonable accommodation" is a change or exception to a rule, policy, or practice that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling.

47.    Here, Plaintiff's AFH is a residential use that, under applicable law, must be treated the same as any other single-family dwelling with a comparable number of unrelated occupants, and Plaintiff should not need a "reasonable accommodation" simply to be allowed to use her lawfully established single-family dwelling as housing for persons with disabilities on the same terms as nondisabled persons.

48.    The County's demand for a "reasonable accommodation" application is discriminatory because: (a) nondisabled persons are not required to submit reasonable accommodation requests prior to occupying lawfully established dwellings; (b) state law already prohibits local limitations on the number of unrelated persons allowed in a single-family dwelling, and (c) there is no nexus between the residents' disabilities and any legitimate government interest that would require a special accommodation process to allow them to reside in a homelike environment.

9 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

49.     The County acknowledged to Plaintiff that it had no established process for handling such reasonable accommodation requests and asked Plaintiff to propose what the process should be, thereby confirming that the requirement was ad hoc and not part of a neutral, generally applicable policy.

50.     Plaintiff nonetheless submitted a reasonable accommodation request asking the County to waive any purported prohibition of AFH use on F-2 zoned property as necessary to provide equal access to fair housing for her disabled residents.

51.     In its written response, the County criticized the request as "general in nature" and not articulating what the accommodation "might look like," while reiterating its view that AFH uses are not allowed on F-2 property and offering only a burdensome "Type II" land use pathway – a process that includes a discretionary review by a planning director based upon criteria never identified by the County and which includes notice and appeal rights to property owners within 750 feet of the Property and any other person or entity who files into the record during the proceeding.

52.     The County has never identified any legitimate governmental interest served by prohibiting AFH uses on F-2 property, for treating Plaintiff's AFH as anything other than single-family residency, or by imposing more burdensome requirements on the AFH than on nondisabled households living in single-family dwellings in the same zone.

53.     Instead, the County's proposed "pathway for approval" was first a discretionary Type II land use process for a "change in use" that is more burdensome and restrictive than the requirements imposed on nondisabled families, and which the County has suggested may still end in denial based on the County's claim that AFHs are prohibited in the zone. When the County proposed a Type I application, the County did not identify the criteria for the application,

10 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

the legal authority for requiring a Type I application, or why a "change of use" application would also require a reasonable accommodation request.

54.     Plaintiff has consistently advised the County that she operates an adult foster home as defined in ORS 443.705, providing care to five or fewer adults who are not related to the provider in a homelike setting.

55.     State law and the FHA prohibit local governments from defining "family" in a way that discriminates against persons with disabilities or limits the number of unrelated disabled persons who can live together in a single-family dwelling when comparable nondisabled households are allowed.

56.     Nonetheless, the County has taken the position that Plaintiff and her residents do not meet the County's definition of "family" in the same way a nondisabled group of persons living together would be treated, and that the AFH is, by its nature and because of the residents' disabilities, a prohibited use in the F-2 zone.

57.     Even after Plaintiff pointed out that the County's definition of "family" is inconsistent with state and federal law, the County has insisted that Plaintiff pursue Type II or Type I application processes for the AFH use because of the residents' disabilities, while maintaining that the AFH is a prohibited use—thus rendering the purported "reasonable accommodation" process illusory and discriminatory.

G. Applicable Building Code

58.     The County has asserted further that Plaintiff's Permit and the construction proposed therein is required to comply with the requirements of the Oregon Structural Specialty Code. The County contends this is so because Plaintiff operates an adult foster home.

11 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

59.    Under section 310.4.3 of the Oregon Structural Specialty Code, when the adult foster home is "located within a detached one- or two-family dwelling or townhouse, an adult care facility shall be permitted to be constructed in accordance with the Residential Code, provided that an automatic sprinkler system is installed." However, the same section goes on to say adult foster homes "licensed for five or fewer individual prior to July 1, 2028, shall not require the installation of an automatic fire sprinkler system."

60.    The Property is and has been a one-family dwelling.

61.    Plaintiff has been licensed to operate an adult foster home since 2010.

62.    Although not required to, Plaintiff has installed an automatic sprinkler system at the Property.

63.    The County has not identified any basis by which to deny issuing the Permit under the Residential Code.

64.    The County continues to wrongfully assert the Oregon Structural Specialty Code applies to Plaintiff's Permit.

H. Harm and Damages

65.    The County's actions and omissions have caused significant harm to Plaintiff. Plaintiff has been denied the timely approval and issuance of the Permit for alteration of her lawfully established single-family dwelling, resulting in increased construction and development costs and the loss of use and enjoyment of her property.

66.    Plaintiff estimates that, as a result of the unreasonable delay and obstruction in processing the Permit, she will incur or has incurred additional development costs, lost use damages and lost income damages of approximately $500,000, subject to proof at trial. Lost income damages continue to accrue as Plaintiff cannot accept new disabled adults into her care

12 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

while uncertainty remains regarding the County's willingness to allow her to use her property as an adult foster home.

67. The County's actions have also interfered with Plaintiff's ability to lawfully operate her AFH, threatening her livelihood and the stability and security of the disabled residents, and causing Plaintiff emotional distress, worry, anxiety, and humiliation.

68. The County's conduct, including the imposition of unlawful conditions, the refusal to process a ministerial permit under the same criteria as any other single family home, the red-flagging of Plaintiff's property, and the discriminatory treatment of her AFH, reflects animus or at least deliberate indifference to Plaintiff's and her residents' constitutional and statutory rights.

69. Unless enjoined by this Court, the County will continue to refuse to approve the Permit without the unlawful Covenant, will continue to block or obstruct future permits for the Property, and will continue to treat Plaintiff and her disabled residents differently from similarly situated nondisabled households.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Procedural Due Process – Fourteenth Amendment

and Article I, Section 10 of the Oregon Constitution)

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. At all relevant times, Defendant and its officials, employees, and agents acted under color of state law.

72. Plaintiff possesses a legitimate claim of entitlement and property interest in: (a) her lawfully established dwelling and vested rights for alteration, repair, and replacement as

13 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

recognized by the 1998 final land use decision; and (b) the issuance of a building permit upon satisfaction of clear and objective, ministerial standards under applicable Oregon law and the Lane Code.

73.    By conditioning processing and approval of the Permit on Plaintiff's execution and recording of an unlawful Covenant not required by statute, placing the Permit on "land use hold," red-flagging Plaintiff in County systems, refusing to process the application as a ministerial Type I permit, and requiring a more burdensome Type II application as the only means to obtain a hearing, the County has deprived Plaintiff of her property interests without adequate notice and a meaningful opportunity to be heard.

74.    The County's actions violate Plaintiff's procedural due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Oregon Constitution.

75.    As a direct and proximate result of Defendant's due process violations, Plaintiff has suffered damages in an amount to be proven at trial.

76.    Plaintiff is entitled to declaratory and injunctive relief, compensatory damages, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Substantive Due Process – Fourteenth Amendment)

77.    Plaintiff realleges and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78.    The County's conduct, including demanding execution of an unlawful Covenant as a condition of a ministerial permit, placing the Permit on hold, red-flagging Plaintiff's

14 – COMPLAINT

ROBERTS LAW

P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

property, and discriminating against the AFH without lawful basis, is arbitrary, capricious, lacks any rational connection to a legitimate governmental interest, and shocks the conscience.

79.     The County has singled out Plaintiff for disparate and punitive treatment in retaliation for her refusal to acquiesce in an unlawful demand and for her efforts to house and care for disabled adults.

80.     Such conduct interferes with Plaintiff's fundamental rights to use and enjoy her property and to operate a lawful residence, and imposes burdens that are entirely unjustified by any legitimate public purpose.

81.     The County's actions constitute a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution.

82.     As a direct and proximate result of these violations, Plaintiff has suffered economic damages, loss of use and enjoyment of her property, and emotional distress, all in amounts to be proven at trial.

83.     Plaintiff is entitled to declaratory and injunctive relief, compensatory damages, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

(Takings – U.S. Const. Amend. V and XIV; Or. Const. Art. I, § 18)

84.     Plaintiff realleges and incorporates by reference paragraphs 1 through 83 as though fully set forth herein.

85.     Plaintiff has protectable property interests in the lawfully established dwelling, the vested rights for alteration, repair, and replacement recognized in the 1998 decision, and the right to seek and obtain ministerial building permits upon satisfaction of objective criteria.

15 – COMPLAINT

ROBERTS LAW
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

86.     By conditioning approval of the Permit on execution and recording of an unlawful Covenant that substantially burdens Plaintiff's title and waiver of claims, by placing the Permit on indefinite hold, by red-flagging Plaintiff's property so as to bar future permits, and by effectively denying the ordinary residential use of the dwelling including lawful AFH operation, the County has taken or significantly impaired Plaintiff's property rights.

87.     The County's actions have deprived Plaintiff of economically beneficial and viable use of her property and have imposed a regulatory burden that is disproportionate and unrelated to any legitimate public purpose.

88.     The County has not provided, offered, or paid just compensation for these takings or deprivations of property rights.

89.     The County's conduct constitutes a taking without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 18 of the Oregon Constitution.

90.     Plaintiff is entitled to just compensation, declaratory and injunctive relief, and attorney fees and costs as allowed by law.

## FOURTH CLAIM FOR RELIEF

(Fair Housing Act – Disability Discrimination, 42 U.S.C. § 3601 et seq.)

91.     Plaintiff realleges and incorporates by reference paragraphs 1 through 90 as though fully set forth herein.

92.     The AFH residents are persons with disabilities within the meaning of the FHA, 42 U.S.C. § 3602(h), and are members of a protected class. Plaintiff herself is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i) because she has been injured by the County's discriminatory housing practices.

16 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

93.    The Property and dwelling are a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

94.    The FHA prohibits, among other things: (a) making a dwelling unavailable or otherwise discriminating in the terms, conditions, or privileges of sale or rental, or in the provision of services or facilities in connection therewith, because of disability; and (b) refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with disabilities an equal opportunity to use and enjoy a dwelling. 42 U.S.C. §§ 3604(f)(1)–(3).

95.    Defendant has violated the FHA by, among other things: (a) Treating the AFH as a prohibited use in the F-2 zone while allowing comparable nondisabled households to occupy single-family dwellings in that zone; (b) Requiring Plaintiff to submit to commercial building permit and occupancy standards not imposed on comparable nondisabled households; (c) Conditioning Plaintiff's right to continue operating the AFH on an ad hoc "reasonable accommodation" process that is more burdensome than requirements imposed on nondisabled residents; and (d) Imposing discriminatory burdens and delays that have had the effect of making the dwelling unavailable or less available to the disabled residents.

96.    The County's so-called "reasonable accommodation" process is itself discriminatory and unlawful, because it imposes additional hurdles based solely on disability status in circumstances in which disabled persons are entitled to be treated the same as nondisabled persons.

97.    As a direct and proximate result of Defendant's conduct, Plaintiff and her residents have suffered loss of housing opportunities, emotional distress, inconvenience, and other actual damages.

17 – COMPLAINT



P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

98.   Defendant's conduct was intentional, willful, or taken with reckless disregard of Plaintiff's and her residents' rights.

99.   Plaintiff is entitled to declaratory and injunctive relief, actual damages and reasonable attorney fees and costs pursuant to 42 U.S.C. § 3613.

## FIFTH CLAIM FOR RELIEF

(Americans with Disabilities Act, Title II – 42 U.S.C. § 12131 et seq.)

100.   Plaintiff realleges and incorporates by reference paragraphs 1 through 99 as though fully set forth herein.

101.   Defendant Lane County is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

102.   The AFH residents are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12131(2).

103.   Title II of the ADA prohibits public entities from excluding qualified individuals with disabilities from participation in or denying them the benefits of the services, programs, or activities of a public entity, or otherwise subjecting them to discrimination by reason of such disability. 42 U.S.C. § 12132.

104.   The County's administration and enforcement of its building, zoning, and land use codes, including permitting and approval processes, are services, programs, or activities within the meaning of Title II.

105.   By treating the AFH as a prohibited use on F-2 zoned property, imposing additional building and land use requirements solely because the residents are disabled, and imposing a burdensome and illusory "reasonable accommodation" process that is not applied to

18 – COMPLAINT

nondisabled households, the County has discriminated against Plaintiff and her residents by reason of disability.

106. The County has failed to reasonably modify its policies, practices, and procedures to avoid discrimination and to ensure that disabled persons have an equal opportunity to use and enjoy a dwelling on the same terms as others.

107. As a direct and proximate result of Defendant's ADA violations, Plaintiff and her residents have suffered injury, including economic harm, emotional distress, and deprivation of rights.

108. Plaintiff is entitled to declaratory and injunctive relief, compensatory damages, and reasonable attorney fees and costs under 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant Lane County, and award the following relief:

A. A declaration that Defendant's actions and practices described herein violate Plaintiff's and her residents' rights under the United States Constitution, the Oregon Constitution, the Fair Housing Act, and the ADA;

B. Preliminary and permanent injunctive relief, including but not limited to orders that:

1. Require the County to approve Plaintiff's August 15, 2024 Permit Application, or any substantially similar resubmission, without requiring Plaintiff to execute or record the Covenant or any similar waiver of rights as a condition of approval;

19 – COMPLAINT

ROBERTS LAW

P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

2.    Prohibit the County from maintaining any "land use hold" or "red-flag" on Plaintiff or the Property based on Plaintiff's refusal to sign the Covenant or based on the operation of the AFH;

3.    Prohibit the County from treating the AFH as a prohibited or non-residential use in the F-2 zone where comparable nondisabled households would be allowed;

4.    Prohibit the County from requiring Plaintiff to submit commercial building permits or comply with commercial building code standards solely because the Property is used as an AFH;

5.    Require the County to modify and administer its definitions, policies, and practices regarding "family," residential uses, and AFHs in compliance with state and federal fair housing and disability law; and

6.    Require the County to adopt and implement non-discriminatory procedures for handling any future requests related to housing persons with disabilities.

C. An award of just compensation and damages for the County's taking of Plaintiff's property rights in an amount to be determined at trial;

D. Compensatory damages for Plaintiff's economic losses, increased development costs, loss of use and enjoyment of property, lost business income, and other out-of-pocket damages, including an amount not less than $500,000, or such other amount as is proven at trial;

E. Compensatory damages for Plaintiff's emotional distress, pain, suffering, humiliation, and loss of enjoyment of life, in an amount to be proven at trial but estimated not to exceed $500,000;

G. An award of Plaintiff's reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 3613(c)(2), 42 U.S.C. § 12205, and any other applicable fee-shifting provision;

20 – COMPLAINT

ROBERTS LAW
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418

H. Pre- and post-judgment interest as allowed by law; and

I. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 17, 2026

Respectfully submitted,

ROBERTS LAW LLC

*/s/ John R. Roberts*
John R. Roberts, OSB No. 124354
Attorney for Plaintiff

21 – COMPLAINT

ROBERTS
LAW
P.O. Box 1186, Eugene, OR 97440
T: 541-780-0418